**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| IN RE:<br><br>IRMA A. RODRIGUEZ COSSIO,<br><br>DEBTOR. | CASE NO. 16-05295 (EAG)<br><br><br>FILED & ENTERED ON 3/28/2019 |

**OPINION AND ORDER**

This case is before the court upon the motion filed by debtor Irma A. Rodriguez Cossio

requesting to set aside the order granting the chapter 7 trustee's objection to her claimed

exemption under section 522(d)(10)(D) of the Bankruptcy Code.[1] [Dkt. No. 88.] The trustee

opposes. [Dkt. No. 96.]  For the reasons stated below, the debtor's motion to set aside is denied.

**I. JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11

Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19,

1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II. PROCEDURAL BACKGROUND**

On July 1, 2016, the debtor filed a voluntary petition for relief under chapter 13. [Dkt.

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

No. 1.] In her schedule C, the debtor claimed as exempt under section 522(d)(10)(D) the following: "Property Settlement: Liquidation of conjugal property as determined by the P.R. Court of First Instance, Superior Court of Mayaguez, ISCI 2007-1184. . ." [Dkt. No. 14, p.11.]

On November 14, 2016, the debtor moved to convert her case to chapter 7, which the court granted on November 15, 2016. [Dkt. Nos. 31 & 33.]

On August 4, 2017, the 341 meeting was held and closed. [Dkt. No. 60.]

On November 2, 2017, the chapter 7 trustee filed an objection to the debtor's claimed exemption under section 522(d)(10)(D). [Dkt. No. 63.] The trustee's objection included a certificate of service stating that the debtor's attorney received notice of the same electronically and that a copy of the objection was sent to the debtor at her address of record: PO Box 3356, Mayaguez, PR 00681. [Id.] On November 20, 2017, the court granted the trustee's objection as unopposed. [Dkt. No. 69.] The bankruptcy noticing center sent the order granting the objection electronically to the debtor's attorney and to the debtor at her address of record. [Dkt. No. 70.]

On July 12, 2018, the debtor filed with the court a notice to change her postal address to: PO BOX 1915, Mayaguez, PR 00680. [Dkt. No. 84.] On the same date, attorney for the debtor, Mr. Herman Valentin Figueroa, requested to withdraw as attorney in the related adversary proceeding number 18-00050 filed by the trustee against the debtor for avoidance of post-petition transfers and revocation of discharge. [Dkt. No. 78; Adv. Dkt. No.1.] The court granted the withdrawal in the adversary proceeding and allowed the debtor time to retain new counsel or else be deemed pro se. [Adv. Dkt. No. 18.] While no motion to withdraw was filed by attorney Valentin Figueroa in the main case, attorney Lysette Morales Vidal filed a motion to assume the legal representation of the debtor on November 20, 2018. [Dkt. No. 90.]

On November 19, 2018, the debtor filed the motion to set aside the order granting the trustee's objection to the exemption. [Dkt. No. 88.] On December 21, 2018, the trustee opposed. [Dkt. No. 96.] On January 24, 2019, the debtor replied. [Dkt. No. 100.] And, on February 15, 2019, the trustee filed a sur-reply. [Dkt. No. 101.]

### III. RULE 60(b) STANDARD

Rule 60(b)(1), made applicable to this case by Bankruptcy Rule 9024, provides that "the court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) permits relief "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) and Rule 60(b)(1) 'are mutually exclusive.'" Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014).

Relief under Rule 60 is an extraordinary remedy. In re Shepherds Hill Development Co., 316 B.R. 406, 415 (B.A.P. 1st Cir. 2004). "Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b)." Roman v. Carrion (In re Rodriguez Gonzalez), 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008). Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodriguez Camacho, 361 B.R. 294, 301 (B.A.P. 1st Cir. 2007).

### IV. APPLICABLE LAW AND DISCUSSION

In her motion to set aside order, the debtor argues that the court erred in granting the trustee's objection to exemption because it was filed untimely pursuant to Bankruptcy Rule 4003(b). [Dkt. No. 88, pp. 9-10.] The debtor also asserts under the "excusable neglect" or "extraordinary circumstances" components of Rule 60(b)(1) and (b)(6) that her failure to

3

timely oppose the trustee's objection was due to an "unintended oversight by prior counsel, for which debtor should not be held accountable. . . ." [Id. at p. 3.] The trustee opposes and maintains that her motion was filed timely pursuant to general orders issued by the Clerk of the Bankruptcy Court in September 2017 extending all periods set by statutes of limitations due to the passage of Hurricanes Irma and Maria in Puerto Rico. [Dkt. No. 96 at p. 9.] The trustee further argues that the debtor received notice of the order granting the trustee's objection in November 2017 and her one-year delay in taking action as to the order do not warrant relief under Rule 60(b). [Id. at p. 7.] The court agrees with the trustee.

Bankruptcy Rule 4003(b) provides the governing standards for objecting to a claim of exemptions. The rule provides, in relevant part, that "[a] party in interest may file an objection to the list of property claimed as exempt only within thirty days after the meeting of creditors held under § 341(a) is concluded. . ." Fed.R.Bankr.P. 4003(b).

In this case, the 341 meeting was held and closed on August 4, 2017. [Dkt. No. 60.] As such, under Bankruptcy Rule 4003(b), any objection to the debtor's claimed exemptions was due by September 3, 2017. September 3 fell on Sunday and Monday, September 4 was a holiday, so the deadline was extended to Tuesday, September 5, 2017. But, on September 5, 2017, due to the passage of Hurricanes Irma and Maria, the Clerk of the Bankruptcy Court entered a series of general orders extending deadlines in all cases, as follows: (i) on September 5, 2017, the court issued General Order number 17-01 extending all periods set by statutes of limitations until September 11, 2017; (ii) on September 11, 2017, the court issued General Order number 17-02 extending all periods set by statutes of limitations until September 13, 2017; (iii) on September 13, 2017, the court issued General Order number 17-03 extending all

4

periods set by statutes of limitations until September 15, 2017; (iv) on September 18, 2017, the court issued General Order number 17-04 extending all periods set by statutes of limitations until September 22, 2017; and (v) on September 27, 2017, the court issued General Order number 17-05 extending all periods set by statutes of limitations until November 6, 2017.[2]

The debtor 's counsel "admittedly did not consider and frankly forgot in good faith the 5 General Orders contemporaneous to the hurricanes..." [Dkt. No. 100 at p. 4.] But, she argues that there are gaps between these extensions that still make the trustee's objection untimely. The court is not persuaded. The general orders were issued under extraordinary circumstances due to the devastating effects caused in Puerto Rico by Hurricanes Irma and Maria and were meant to extend all deadlines from September 5, 2017 until November 6, 2017, taking into account the massive power outage that the island endured for months. As such, the trustee's objection to the debtor's claimed exemption was filed timely on November 2, 2017.

And, as to the failure by the debtor's prior counsel in opposing the trustee's objection, the debtor cannot shield herself from his omission. It is uncontested that the debtor's prior attorney received notice of the order granting the trustee's objection. That alone, even assuming that the debtor herself never received the trustee's objection or the order granting the same, defeats any excusable neglect or extraordinary circumstances warranting relief from the order. "Attorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client." Rivera v. Lake Berkley Resort Master Ass'n (In re Rivera), 2014 Bankr. LEXIS 4976, at *6 (Bankr. D.P.R. 2014) (quoting Nansamba v. North

---

[2] General Orders 17-01 through 17-05 can be found in the United States Bankruptcy Court for the District of Puerto Rico's website at the following address: http://www.prb.uscourts.gov/?q=court-info/local-rules-and-orders/general-orders.

Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013)).  "'[N]either ignorance nor carelessness by a party or his attorney is a proper basis for [Rule 60(b)(6)] relief. . . .'"Cohen v. Abramowitz, 549 B.R. 316, 326 (W.D. Pa. 2016) (quoting  In re Slomnicki, 243 B.R. 644, 655 (Bankr. W.D. Pa. 2000)).

Finally, in her opposition to the motion to set aside, the trustee requested the court to issue an order to show cause against the debtor as to why sanctions should not be imposed pursuant to section 1927 of title 28 for the filing of an unreasonable and vexatious motion. [Dkt. No. 96. at p. 10.]

Section 1927 provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "The purpose of sanctions under § 1927 is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." Castellanos Grp. Law Firm, L.L.C. v. FDIC (MJS Las Croabas Props.), 545 B.R. 401, 419 (B.A.P. 1st Cir. 2016) (quoting In re Royal Manor Mgmt., 525 B.R. 338, 365 (B.A.P. 6th Cir. 2015)).  The Court of Appeals for the First Circuit has stated that section 1927 is inapplicable to "'[g]arden-variety carelessness or even incompetence,' but instead requires that the 'attorney's actions . . . evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.'" Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 245-46 (1st Cir. 2010) (quoting Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008)).

The record in this case does not reflect cumulative behavior by the debtor's attorney

6

that is sanctionable. While the motion to set aside failed to acknowledge the general orders issued by the Bankruptcy Court extending all periods set by statutes of limitation because of Hurricanes Irma and Maria, attorney Morales later admits that she honestly forgot about the general orders. Regardless, the court does not consider as vexatious the argument that the general orders did not cover the whole period from September 5, 2017 up until the trustee filed the objection on November 2, 2017. The court also notes that the debtor's request was further based on an alleged failure to receive notice of the order granting the trustee's objection. As such, the request for sanctions under section 1927 is denied.

**V. CONCLUSION**

Based on the above, the debtor's motion to set aside order at docket number 88 is denied.

In Ponce, Puerto Rico, this 28th day of March, 2019.

SO ORDERED.

Edward A. Godoy
U.S. Bankruptcy Judge