UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 16-05295 EAG |
| IRMA ADELINA RODRIGUEZ COSSIO<br>Debtor | CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS, ESQ.<br>CHAPTER 7 TRUSTEE<br>Plaintiff | ADVERSARY NO. 18-00049 EAG |
| V. | TURNOVER OF PROPERTY TO THE ESTATE, 11 USC §542 |
| RAFAEL A. RODRIGUEZ MOJICA<br>Defendants | |

### SETTLEMENT AGREEMENT FOR PAYMENT TO TRUSTEE

**TO THE HONORABLE ENRIQUE S. LAMOUTTE:**
**U.S. BANKRUPTCY COURT JUDGE:**

**COME NOW,** Noreen Wiscovitch Rentas ("Trustee"), duly appointed Chapter 7 Trustee of the bankruptcy estate of Irma Adelina Rodriguez Cossio ("Debtor"), and Rafael A. Rodriguez Mojica, ("Defendant"), (collectively, the "Parties") through their respective counsel of record, who hereby respectfully state and request as follows:

### PRELIMINARY STATEMENT

This Settlement Agreement is entered into by and between Noreen Wiscovitch Rentas, Esq. Chapter 7 Trustee, (the "Trustee") of and for the bankruptcy estate of the above-captioned Debtor; and Rafael A. Rodriguez Mojica ("Defendant", and with the Trustee, the "Parties").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Stipulation under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

1

2. Venue of this proceeding and of the Stipulation is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

3. Debtor filed a Chapter 7 petition for relief on July 1, 2016. On that same date Trustee was appointed for the administration of assets of the bankruptcy estate in Debtor's case number 16-05295 EAG. See main case 16-05295 EAG dkt. nos. 1 and 4.

4. Schedule B filed by Debtor under penalty of perjury in case 16-05295 EAG, lists personal property listed as an account receivable and identified as follows: "Liquidation of conjugal property as determined by the P.R. Court of First Instance, Superior Court of Mayaguez, ISCI 2007-1184."

5. Upon Debtor's filing for relief, the account receivable listed in Schedule B became part of the bankruptcy estate under the exclusive administration of the Trustee, pursuant to 11 U.S.C. §541.

6. On May 1, 2018 Trustee filed adversary proceeding against Defendant for the collection of the account receivable in the amount of $360,699.27 including legal interest at 5.25%, owed pursuant to judgment entered by the Superior Court of Mayaguez on May 27, 2011, in case no. ISCI 2007-1184.

5. On August 16, 2019, this Court entered Opinion and Order in favor of Trustee directing Defendant, Rafael A. Rodriguez Mojica, to turnover to Trustee "the amount of $404,818.03 as of July 29, 2019, plus legal interest, until full payment of all amounts owed pursuant to the judgment issued by the Puerto Rico Superior Court, Mayaguez Part on May 27, 2011 in case number ISCI 2007-01184." Judgment was entered accordingly on April 29, 2020. See docket nos. 39 and 43.

6. The parties, thru their counsel of record, have held good faith negotiations and have reached a Settlement Agreement for payment in full of all amounts due to the bankruptcy estate pursuant to judgment entered on April 29, 2020, pursuant to the terms and conditions set forth herein.

7. Trustee understands that the approval of this Settlement Agreement is in the best interest of the estate given the amount of claims in the captioned case, the time already incurred in the litigation of this case and the additional costs of the execution and the collection of the judgment entered by this Court against Defendant.

8. The Parties therefore freely and voluntarily enter into the following Settlement Agreement for full payment and release of all amounts due by Defendant and owed pursuant to judgment entered by this Honorable Court on April 29, 2020. Therefore, the Parties enter into the following Settlement Agreement pursuant to the following:

**TERMS AND CONDITIONS**

**a)** Defendant, Rafael Angel Rodriguez Mojica, shall pay Trustee the sum of FORTY THOUSAND DOLLARS ($40,000.00) ("Settlement Sum") in full payment of all amounts due pursuant to judgment entered by this Honorable Court on April 29, 2020 and judgment entered by the local court in case number ISCI 2007-1184. Payment to be received by Trustee as follows: At the time of the filing of this agreement Defendant will pay Trustee the sum of $10,000.00; the Defendant will also make twenty-four (24) consecutive monthly payments to Trustee in the amount of $1,000.00 each, payable on the 1st day of each month, commencing on January 1, 2021 and ending on December 1, 2022 and a final payment of $6,000.00 to be paid to the Trustee on or before January 1, 2023.

**b)** The terms of this agreement will be binding upon the parties provided that Defendant does not default in any of the payments of the Settlement Sum to Trustee. This agreement will be rendered without any effect and will be null and void upon Defendant's default in any of the payments of the Settlement Sum to Trustee. Default of Defendant to be notified by Trustee via motion to be filed before the Bankruptcy Court.

**c)** This Agreement does not revoke, alter, modify, or change any of the obligations of Defendant pursuant to judgment entered by this Court on April 29, 2020, which Trustee, her representatives and successors retain the right to collect in full, if Defendant fails to make any of the payments agreed herein.

**d)** The terms of this agreement shall not have any effect upon and will not cease or stop the garnishments made against Defendant by the local court marshal for the Superior Court of Mayaguez in case number ISCI 2007-1184, until full payment of the amounts stipulated herein. Any amount received by Trustee from the Superior State Court of Mayaguez, after the filing of this stipulation, shall be deducted from the final payment to be paid by Defendant to Trustee on or before December 1, 2022. Defendant hereby recognizes and acknowledges that any default in payments as agreed herein will cause Trustee to continue to receive garnishments from the Superior Court of Mayaguez until full payment of all amounts due as per judgment entered by the local court and by the Bankruptcy Court.

**e)** Upon Defendant's full payment of the Settlement Sum, Trustee will file a notice and or motion before the local state court to notify Defendant's satisfaction of all amounts due as per judgment and will request the immediate cease of the attachments

made against Defendant by the Superior State Court Marshall for the Mayaguez in case number ISCI 2007-1184.

  **f)**  Each of the Parties consent to the jurisdiction of the United States Bankruptcy Court for the District of Puerto Rico for any action to enforce collection any of the amount due as per Judgment entered on April 29, 2020, including a request for execution of judgment in case of Defendant's default in any of the payments agreed herein. This Settlement Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico as to all matters.

  **g)**  Defendants acknowledge that with the signing of this Agreement there are no further outstanding claims against the Trustee, the bankruptcy estate, its agents, attorneys or representatives and unconditionally and irrevocably releases, remises, acquits and forever discharges the Trustee, the bankruptcy estate, attorney for Trustee and the United States Trustee, from any and all actions and causes of action, judgments, executions, suits, debts, liens, claims, demands, liabilities, obligations, damages and expenses of any and every character, direct and/or indirect, at law or in equity, of whatsoever kind or nature, for or because of any manner or things done, omitted or suffered to be done by Trustee, her agents or representatives in the captioned case.

  **h)**  This Stipulation constitutes the entire Settlement Agreement with respect to the subject matter addressed herein. This Settlement Agreement may not be orally modified and may only be modified in writing signed by all the Parties.

  9.  The terms of the Judgment entered by this Court on April 29, 2020 will be binding and will have *res judicata* effect upon any conversion of this proceeding, prior dismissal, and upon any present or future petition in Bankruptcy Court filed by the Defendant.

10. The Parties hereby represent and warrant that they are authorized and empowered to appear and execute this Settlement Agreement, and that the same does not contravene any law, rule, regulation, order, writ, judgment, injunction, decree, determination or any contractual restriction binding on or affecting such party, or result in, or require, the creation or imposition of any mortgage, deed of trust, pledge, lien, security interest or other charge, encumbrance or preferential arrangement of any nature upon or with respect to any of the properties now owned or hereafter acquired by such party.

11. This Settlement Agreement shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation, in whole or part, shall be subject to the approval of the Bankruptcy Court. No statement made, or action taken in the negotiation of this Settlement Agreement may be used by any party for any purpose whatsoever.

12. The Parties acknowledge that they have thoroughly reviewed this Settlement Agreement and that they execute the same voluntarily and with full understanding of its contents, and that the terms herein have been fully and unconditionally consented to by each of them, and that the Parties had the full benefit and advice of counsel of their own selection, or the opportunity to obtain the benefit and advice of counsel of his own selection, in regards to understanding the terms, meaning and effect of this Agreement and that it has been entered into by each of the Parties freely, voluntarily, with full knowledge of its consequences, and without duress, and that in executing this Settlement Agreement, the Parties are relying on no other representations either written or oral, express or implied, made to the Parties, and that the mutual consideration received by the appearing Parties is found to be actual, adequate, fair and equitable.

**WHEREFORE,** it is respectfully requested that the foregoing Settlement Agreement above be approved and that Judgment be entered as to Defendants pursuant to the terms and conditions set forth herein.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 20 day of November 2020.

### NOTICE PURSUANT TO F.R.B.P. 2002(a)(3)

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE

COUNSEL FOR TRUSTEE HEREBY CERTIFIES: That Notice of this Settlement Agreement has been electronically provided by the CM/ECF system to all parties-in-interest, including all creditors. I further certify that the foregoing document has been served to the US Trustee at ustregion21.hr.ecf@usdoj.gov, to their address of record and will deposit exact copies thereof in the US regular mail to all other interested parties as per the master address list.

| | |
|---|---|
| **MODESTO BIGAS LAW OFFICE** | **LANDRAU RIVERA & ASSOC.** |
| Counsel for Defendant | Counsel for Trustee |
| PO Box 7462 | PO Box 270219 |
| Ponce, PR 00732-7462 | San Juan, PR 00927-0219 |
| Tel. (787) 844-1444 | Tel. (787) 774-0224 |
| | |
| */s/ Alexandra Bigas Valendón* | */s/ Noemí Landrau Rivera* |
| USDC-PR No. 220109 | USDC-PR No. 215510 |
| alexandra.bigas@gmail.com | nlandrau@landraulaw.com |