**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 16-05295 EAG |
| IRMA A. RODRIGUEZ COSSIO | CHAPTER 7 |
| DEBTORS | |

**STIPULATION FOR PAYMENT OF CLAIMS NO. 2 AND 6**
**BY CARLOS SOTO VILLARUBIA & AMY IRIZARRY MARTINEZ**

TO THE HONORABLE EDWARD A. GODOY:
U.S. BANKRUPTCY COURT JUDGE:

**COME NOW,** Noreen Wiscovitch Rentas ("Trustee"), duly appointed Chapter 7 Trustee of the bankruptcy estate of Irma Adelina Rodriguez Cossio, and creditors, Carlos Soto Villarubia, Amy Irizarry Martínez and the conjugal partnership comprised by them, who appear on their behalf and as parents with custody and parental rights over the minor C.R.S.I. ("Creditors"), (collectively, the "Parties"), Parties appear through their respective counsel of record, who hereby respectfully state and request as follows:

**PRELIMINARY STATEMENT**

The Parties in this case have entered into the present stipulation and covenant for the orderly resolution of all controversies at bar and to avoid protracted litigation and unnecessary expenses and resources.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Stipulation under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of the Stipulation is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

1

## BACKGROUND

3. Debtor, Irma Adelina Rodriguez Cossio, ("Debtor"), filed a Chapter 13 petition for relief on July 1, 2016. Case was converted to a Chapter 7 on November 15, 2016. On November 28, 2016 Trustee was appointed for the administration of assets of the bankruptcy estate. See docket nos. 1, 33 and 35.

4. On September 16, 2016, Creditors filed general unsecured claim number 2-1 in the amount of $1,000,000.00. On January 11, 2018 Creditors filed a duplicate claim number 6-1 for the same amount of $1,000,000.00. Creditors' claims against Debtor stem from a tort action commenced prior to the filing for relief, in state court case number ISCI 2015-000686 (307) before the State Superior Court, Mayaguez Part ("state court case").

5. Schedule E/F filed by Debtor under penalty of perjury lists creditor, Carlos Soto Villarubia, as a general unsecured creditor with a contingent, disputed claim in the amount of $1,000,000.00. See docket no. 14

6. As of the date of the filing of this Stipulation the state court case is still pending final resolution and adjudication by the local court.

7. Trustee is still administrating assets of the bankruptcy estate and has recovered assets for the benefit of the bankruptcy estate which allows for payment to creditors after payment of administrative expenses.

8. In order to promptly administer the bankruptcy estate, Trustee and Creditors have reached an agreement for payment of claims 2 and 6.

## APPLICABLE LAW AND DISCUSSION

9. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that on motion by the Trustee and after notice and a hearing, the court may approve a compromise or

2

settlement, after notice of all parties pursuant to F.R.B.P. 2002.

10. A court should consider five factors in striking the balance between the value of the compromise and the value of the claim:

> (i) the probability of success in the litigation being compromised;
> (ii) the difficulties, if any, to be encountered in the matter of collection;
> (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and,
> (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise.

See In re C.P. del Caribe, Inc., 140 B.R. 320, 325, (Bankr. D.P.R. 1992); In re Robotic Vision Sys., Inc., No. 04-14151-JMD, 2006 WL 929322, at *4 (B.A.P. 1st Cir. Apr. 11, 2006) (citing Jeremiah v. Richardson, 148 F.3d 17, 23 (1st Cir.1998)).

11. "The court's consideration of these factors should demonstrate whether the compromise is fair and equitable, and whether the claim the debtor is giving up is outweighed by the advantage to the debtor's estate." In re Robotic Vision Sys., Inc., 2006 WL 929322, at *4.

12. The standard for approving a settlement, whether it is in the best interest of the estate, entails an examination of the settlement's terms with the litigation's probable cost and benefits. When an agreement provides tangible benefits to the estate in return for sacrifice of uncertain claims against a creditor, the bankruptcy court does not err in approving the settlement. In re Bond, 16 F.3d 408, 30 C.B.C.2d 784 (4th Cir. 1994).

13. The entering into a settlement agreement under Rule 9019 must be accorded some deference by the courts. See In re Healthco Int'l, Inc., 136 F.3d 45, 54 at fn. 5 (1st Cir. 1998) (quoting In re Moorhead Corp., 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997) ("the [bankruptcy] judge…is not to substitute her judgment for that of the trustee [debtor-in-possession], and the trustee's judgment is to be accorded some deference."). Furthermore, "[c]ompromises are favored in bankruptcy." 10 Lawrence P. King, Collier on Bankruptcy ¶ 9019.01, at 9019–2 (16th ed. 2015).

3

14. The Parties deem that settlement of claims numbers 2 and 6 as provided in this Stipulation, is fair and equitable and agree to forever settle all issues in relation to the matters set forth in the captioned bankruptcy case to end and resolve all controversies involving the state court case and the payment of claims as filed by Creditors. Trustee understands that the approval of this Stipulation is in the best interest of the estate given the status of proceedings in state court, the facts under dispute, the amount of assets subject to recovery by Trustee, and the costs of litigation in the state court of claims against Debtor.

15. The Parties therefore freely and voluntarily enter into the following Stipulation for payment of claims and release of all matters in the captioned bankruptcy case, pursuant to the following:

### TERMS AND CONDITIONS

a. Creditors hereby amend claim number 2 to the amount of $26,000.00, to be paid as a general unsecured claim pursuant to the provisions of the Bankruptcy Code, no further claims and amendments will be filed by Creditors in the captioned case.

b. Trustee will pay claim number 2 in the amount of $26,000.00 as a general unsecured claim, as may be provided in Trustee's Final Report and Distribution to Creditors to be filed by the Office of the United States Trustee, after Trustee's full administration of estate assets. Payment of claim to be made by Trustee upon the Bankruptcy Court's approval of Trustee's Final Report and Distribution to Creditors.

c. Creditors filed claim number 2 as claimants and parents of the minor C.R. Soto Villarrubia against Debtor. Therefore, payment in the amount of $26,000.00 is to be made by Trustee in favor of the "Secretario del Tribunal de Primera Instancia de Mayaguez caso ISCI 2015-00686" for the benefit of the minor C.R. Soto Villarrubia, to be deposited by Trustee before the Clerk of the Superior Court of Mayaguez in case ISCI 2015-00686. Creditors hereby

4

amend Proof of claim number 2 to show that payment is to be made as stated herein.

d. Creditors hereby withdraw claim number 6 as it is a duplicate claim filed on account of the same claims against Debtor as claimed in proof of claim number 2.

e. Creditors hereby represent and warrant that they are authorized and empowered to appear and execute this Stipulation, and that the same does not contravene any law, rule, regulation, order, writ, judgment, injunction, decree, determination or any contractual restriction binding on or affecting any of the parties to this Stipulation.

f. The Parties acknowledge that they have thoroughly reviewed this Stipulation and that they execute the same voluntarily and with full understanding of its contents, and that the terms herein have been fully and unconditionally consented to by each of them on their behalf and on behalf of the minor C.R.S.I., and that the Parties had the full benefit and advice of counsel of their own selection, or the opportunity to obtain the benefit and advice of counsel of his own selection, in regards to understanding the terms, meaning and effect of this Agreement and that it has been entered into by each of the Parties freely, voluntarily, with full knowledge of its consequences, and without duress, and that in executing this Stipulation, the Parties are relying on no other representations either written or oral, express or implied, made to the Parties, and that the mutual consideration received by the appearing Parties is found to be actual, adequate, fair and equitable.

g. Creditors acknowledge that with the signing of this Stipulation there are no further outstanding claims against the Trustee, the bankruptcy estate, its agents, attorneys or representatives and unconditionally and irrevocably releases, remises, acquits and forever discharges the Trustee, the bankruptcy estate, attorney for Trustee and the United States Trustee, from any and all actions and causes of action, judgments, executions, suits, debts, liens, claims, demands, liabilities, obligations, damages and expenses of any and every character, direct and/or indirect, at law or in equity, of whatsoever kind or nature, for or because

of any manner or things done, omitted or suffered to be done by Trustee, her agents or representatives in the captioned case and on account of the state court case.

h. By this Stipulation, each of the Parties submit to the jurisdiction of the United States Bankruptcy Court for the District of Puerto Rico for any action to enforce or interpret the same and/or collect any amount agreed herein. This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Puerto Rico and the Bankruptcy Code as to all matters.

i. This Stipulation constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties. This Stipulation may not be orally modified and may only be modified in writing signed by all the Parties.

16. The terms of this Stipulation will be binding and the order approving the same will have *res judicata* effect upon any future proceedings involving the Parties.

17. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation, in whole or part, shall be subject to the approval of the Bankruptcy Court. No statement made, or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

18. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, it is respectfully requested from this Honorable Court that, should no objection to this agreement be filed within twenty-one (21) days from notice of the same, an Order approving all the terms and conditions as above stated be entered.

**WHEREFORE,** it is respectfully requested that the foregoing Stipulation above be approved pursuant to the terms and conditions set forth herein.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 21st day of December 2020.

## NOTICE PURSUANT TO F.R.B.P. 2002(a)(3)

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

**COUNSEL FOR TRUSTEE HEREBY CERTIFIES**: That Notice of this Stipulation has been electronically provided by the CM/ECF system to all parties-in-interest, including all creditors. I further certify that the foregoing document has been served to the US Trustee at ustregion21.hr.ecf@usdoj.gov, to their address of record and will deposit exact copies thereof in the US regular mail to all other interested parties as per the master address list.

| | |
|---|---|
| **ESTUDIO LEGAL NIEVES BLAS** | **LANDRAU RIVERA & ASSOC.** |
| Counsel for Creditors | Counsel for Trustee |
| PO Box 1809 | PO Box 270219 |
| Mayagüez, PR 00681 | San Juan, PR 00927-0219 |
| Tel. (787) 833-5466 / (787) 453-5167 | Tel. (787) 774-0224 |
| | |
| */s/ Myrta Estrella Nieves Blas* | */s/ Noemí Landrau Rivera* |
| USDC-PR No. 213101 | USDC-PR No. 215510 |
| estrellanievesblas@hotmail.com | nlandrau@landraulaw.com |

Agreed and signed by:

_____          _____
Carlos Soto Villarrubia                            Amy Irizarry Martínez

On their behalf, as part of the conjugal partnership
and as parents with custody and parental rights
over the minor C.R.S.I.

7

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-2<br>Case 16-05295-EAG7<br>District of Puerto Rico<br>Ponce<br>Tue Aug 11 15:57:27 AST 2020 | UNITED STATES TRUSTEE<br>500 TANCA ST STE 301<br>SAN JUAN, PR 00901-1922 | US Bankruptcy Court District of PR<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| AT & T<br>P.O. BOX 772349<br>OCALA, FL 34477-2349 | BUFETE SANTOS & NIEVES BLAS<br>2625 Ave. Hostos<br>Mayaguez, PR 00682-6326 | C.O.F.E.C.C.<br>P.O. BOX 191791<br>SAN JUAN, PR 00919-1791 |
| CARICO INTERNATIONAL, INC.<br>2851 CYPRESS CREEK RD.<br>FORT LAUDERDALE, FL 33309-1781 | CARLOS SOTO VILLARUBIA<br>230 Calle Marina<br>Aguada, PR 00602-3217 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 |
| CLARO<br>P.O. BOX 70366<br>SAN JUAN, PR 00936-8366 | CRESCA CORPORATION<br>PMB 92<br>P.O. BOX 71325<br>SAN JUAN, PR 00936-8425 | Carlos Soto Villarubia and Amy Irizarry Mart<br>PO Box 161,<br>Aguadilla, PR 00605-0161 |
| DIRECT TV<br>P.O. BOX 71413<br>SAN JUAN, PR 00936-8513 | DLJ MORTGAGE CAPITAL INC.<br>SELECT PORTFOLIO SERVICING, INC.<br>P.O. BOX 65250<br>SALT LAKE CITY, UT 84165-0250 | DLJ MORTGAGE CAPITAL, INC.<br>11 MADISON AVENUE<br>NEW YORK, NY 10010-3629 |
| Dr. Rogelio Ma on Schotborgh<br>P. O. Box 1046<br>Cabo Rojo, PR 00623-1046 | FIRSTBANK PR<br>DEPARTAMENTO DE AUTOS<br>P.O. BOX 13817<br>SAN JUAN, PR 00908-3800 | FIRSTBANK PR<br>P.O. BOX 9146<br>SAN JUAN, PR 00908-0146 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATION<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | MAZA & GREEN<br>P.O. BOX 364028<br>SAN JUAN, PR 00936-4028 |
| Myrta Estrella Nieves-Blas<br>PO BOx 161<br>Aguadilla, PR 00605-0161 | P.R. TELEPHONE<br>P.O. BOX 70367<br>SAN JUAN, PR 00936-8367 | PREFERRED HOME SERVICES, INC.<br>P.O. BOX 4069<br>BAYAMON, PR 00958-1069 |
| Pic Corporate Services<br>PMB 606, Suite 105<br>89 De Diego Avenue<br>San Juan, PR 00927-6370 | Puerto Rico Consumer Debt Management Co.<br>Citi Tower II<br>250 Ponce de Le n Ave., 7th Floor<br>San Juan, PR 00918-2036 | SAM'S CLUB CREDIT<br>P.O. BOX 530942<br>ATLANTA, GA 30353-0942 |
| SELECT PORTFOLIO SERVICING, INC.<br>P.O. BOX 65250<br>SALT LAKE CITY, UT 84165-0250 | SPS SELECT PORTFOLIO SERVICING, INC.<br>3815 SOUTH WEST TEMPLE<br>SALT LAKE CITY, UT 84115-4412 | SUPER PAGES<br>P.O. BOX 228643<br>MIAMI, FL 33222-8643 |

```
Strategic Legal Group, PSC              UNITED RECOVERY SYSTEMS              Wendell W. Col n Law Office
P. O. Box 366220                        P.O. BOX 722929                      P. O. Box 7970
San Juan, PR 00936-6220                 HOUSTON, TX 77272-2929                Ponce, PR 00732-7970


Carlos Soto Villarrubia                 HERMAN FRANCISCO VALENTIN FIGUEROA   IRMA ADELINA RODRIGUEZ COSSIO
PO 161, Victoria Station                PO BOX 9023394                       C/O CLARA NAZARIO
Aguadilla, PR 00605-0161                SAN JUAN, PR 00902-3394              PO BOX 1915
                                                                             MAYAGUEZ, PR 00681-1915


LYSSETTE A MORALES VIDAL                MONSITA LECAROZ ARRIBAS              NOREEN WISCOVITCH RENTAS
LYSSETE MORALESLAW OFFICE               OFFICE OF THE US TRUSTEE (UST)       PMB 136
76 CALLE AQUAMARINA URB VILLA BLANCA    OCHOA BUILDING                       400 CALAF STREET
CAGUAS, PR 00725-1908                   500 TANCA STREET  SUITE 301          SAN JUAN, PR 00918-1313
                                        SAN JUAN, PR 00901
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
CITI CARDS                              Jefferson Capital Systems LLC        End of Label Matrix
P.O. BOX 183051                         Po Box 7999                          Mailable recipients    38
COLUMBUS, OH 43218-3051                 Saint Cloud Mn 56302-9617            Bypassed recipients     0
                                                                             Total                  38
```